# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DIRECT LENDING INVESTMENTS, LLC,<br><br>　　　　　Defendant. | Case No. 2:19-cv-2188 DSF (MRWx)<br><br>**PRELIMINARY INJUNCTION ORDER AND ORDER APPOINTING PERMANENT RECEIVER** |

This matter came before the Court on the Stipulation Requesting Preliminary Injunction Order and Order Appointing Permanent Receiver filed by Plaintiff Securities and Exchange Commission's ("SEC") and Defendant Direct Lending Investments LLC ("DLI"). The SEC seeks an order preliminarily enjoining defendant DLI from engaging in specified conduct; DLI has agreed to the requested relief; and the parties jointly request appointment of permanent receiver over DLI.

The Court, having considered the SEC's complaint and the parties' Stipulation Requesting Preliminary Injunction Order and Order Appointing Permanent Receiver, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action, pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa(a), and Sections 209(d), 209(e)(1) and 214 of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-9(d), 80b-9(e)(1) & 90b-14.

    B.    Venue properly lies in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), and Section 214 of the Advisers Act, 15 U.S.C. § 80b-14, because certain of the transactions, acts, practices and courses of conduct constituting alleged violations of the federal securities laws occurred within this district. In addition, venue is proper in this district because Defendant Direct Lending Investments LLC has its principal place of business in this district.

    C.    Without admitting to any violations of federal law alleged in the SEC's action, DLI agrees that the SEC is able to make the requisite showing for the requested relief pursuant to Section 20(b) of the Securities Act of

1933 [15 U.S.C. s 77t(b)], Section 21(d) of the Securities Exchange Act of 1934[15 U.S.C. § 78u(b)] and Section 209(d) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-9(d)], in order to prevent violations of federal securities laws during the pendency of the litigation.

D. Good cause exists to appoint a Permanent Receiver over DLI.

## I.

IT IS HEREBY ORDERED that the SEC's and DLI's Stipulation Requesting Preliminary Injunction Order and Order Appointing Permanent Receiver is GRANTED.

## II.

IT IS FURTHER ORDERED that Defendant DLI, and its officers, agents, servants, employees, attorneys, successors, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme or artifice to defraud;

B. making any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances in which they were made, not materially misleading; and,

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5 thereunder [17 C.F.R. §§ 240.10b-5].

## III.

IT IS FURTHER ORDERED that Defendant DLI, and its officers, agents,

servants, employees, attorneys, successors, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## IV.

IT IS FURTHER ORDERED that Defendant DLI, and its officers, agents, servants, employees, attorneys, successors, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from:

    A.    employing any device, scheme or artifice to defraud any client or prospective client; and

    B.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) & 80b-6(2).

## V.

IT IS FURTHER ORDERED that Defendant DLI, and its officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from willfully making any untrue statement of a material fact in any registration application or report filed with the SEC under 15 U.S.C. § 80b-3 or 15 U.S.C. § 80b–4, or willfully omitting to state in any such application or report any material fact which is required to be stated therein, in violation of Section 207 of the Advisers Act, 15 U.S.C. § 80b-7.

## VI.

IT IS FURTHER ORDERED that Bradley D. Sharp of Development Specialists, Inc. is appointed to serve as permanent receiver for the estate of DLI, Direct Lending Income Fund, L.P., Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo, LLC and their successors, subsidiaries and affiliated entities (the "Receivership Entity"), with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of the Receivership Entity and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, personal computers, papers and other real or personal property, wherever located, of or managed by the Receivership Entity, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all property of the Receivership Entity property;

B. to have control of, and to be added as the sole authorized signatory for, all accounts of the Receivership Entity, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of the Receivership Entity, or which maintains accounts over which the Receivership Entity, and/or any of its employees or agents have signatory authority;

C. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by the Receivership Entity, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by the Receivership Entity;

E. to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of the Receivership Entity, and to file the accounting with the Court and deliver copies thereof to all parties;

F. to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging her duties as permanent receiver;

G. to employ attorneys, accountants, and others to investigate and, where appropriate, to institute, pursue, prosecute and defend all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of the Receivership Entity; and

H. to have access to and monitor all mail, electronic mail, and video phone of the Receivership Entity in order to review such mail, electronic mail, and video phone which he deems relates to its business and the discharging of her duties as permanent receiver.

## VII.

IT IS FURTHER ORDERED that the Receivership Entity and its officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, personal computers, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## VIII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of the Receivership Entity shall take any action or purport to take any action, in the name of or on behalf of the Receivership Entity without the written consent of the permanent receiver or order of this Court.

## IX.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from the Receivership Entity and its past or present agents and representatives, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

A. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon or take any action impairing any property or property interests

1  owned by or in the possession of the Receivership Entity and its past or present
2  agents and representatives; and
3          C.      doing any act or thing whatsoever to interfere with taking control,
4  possession or management by the permanent receiver appointed hereunder of the
5  property and assets owned, controlled or managed by or in the possession of the
6  Receivership Entity and its past or present agents or representatives, or in any way to
7  interfere with or harass the permanent receiver or her attorneys, accountants,
8  employees, or agents or to interfere in any manner with the discharge of the
9  permanent receiver's duties and responsibilities hereunder.

## X.

11      IT IS FURTHER ORDERED that the Receivership Entity, and its officers,
12  agents, servants, employees and attorneys, shall cooperate with and assist the
13  permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct,
14  or otherwise interfere with the permanent receiver or his or her attorneys,
15  accountants, employees or agents, in the conduct of the permanent receiver's duties
16  or to interfere in any manner, directly or indirectly, with the custody, possession,
17  management, or control by the permanent receiver of the funds, assets, collateral,
18  premises, and choses in action described above.

## XI.

20      IT IS FURTHER ORDERED that the Receivership Entity shall pay the costs,
21  fees and expenses of the permanent receiver incurred in connection with the
22  performance of her duties described in this Order, including the costs and expenses of
23  those persons who may be engaged or employed by the permanent receiver to assist
24  her in carrying out her duties and obligations. All applications for costs, fees, and
25  expenses for services rendered in connection with the receivership other than routine
26  and necessary business expenses in conducting the receivership, such as salaries, rent,
27  and any and all other reasonable operating expenses, shall be made by application
28  setting forth in reasonable detail the nature of the services and shall be heard by the

Court.

## XII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver (and those agents working within the scope of the receiver's direction) shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act directed, performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

## XIII.

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the non-privileged corporate books and records and other documents of the Receivership Entity and continuing access to inspect its funds, property, assets and collateral, wherever located.

## XIV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: April 1, 2019

HONORABLE DALE S. FISHER
UNITED STATES DISTRICT JUDGE

Presented by:
Amy J. Longo
Lynn M. Dean
Christopher A. Nowlin
Attorneys for Plaintiff
Securities and Exchange Commission

9